UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| THOMAS E. ARLINGTON, | ) |
| | ) |
| Petitioner, | ) |
| v. | ) Case No. 11-CV-2007 |
| | ) |
| LAURA L. DECKER, f/k/a Laura L. Arlington, | ) |
| | ) |
| Respondent. | ) |

**OPINION**

On January 6, 2011, Petitioner, Thomas E. Arlington, filed a pro se document (#1) entitled "Notice of Petition; and, Verified Petition for Warrant of Removal." Petitioner is apparently attempting to remove to this court a divorce action which was commenced by his former wife, Laura L. Decker, in April 1998. Petitioner complains that actions taken by the state court in the divorce proceeding regarding child custody, child support and related garnishment orders were in violation of his constitutional rights. Petitioner did not pay a filing fee but filed a Motion for Leave to Proceed in forma pauperis (#2).

This court concludes that it clearly does not have subject matter jurisdiction over this case. To remove a case to federal court, the removing party must show that the case is one over which the district courts of the United States have original jurisdiction. See 28 U.S.C. § 1441(a). "The party seeking removal has the burden of establishing federal jurisdiction, and federal courts should interpret the removal statute narrowly." Schur v. L.A. Weight Loss Ctrs., Inc., 577 F.3d 752, 758 (7th Cir. 2009). This court concludes that it is clear from the pro se document filed, and the attached records from the state court divorce action, that this court cannot exercise federal question jurisdiction over this divorce case, as it plainly does not arise "under the Constitution, treaties or

laws of the United States." See Weatherall v. Weatherall, 83 F. Supp. 2d 1003, 1004 (E.D. Wis. 1999), quoting 28 U.S.C. § 1441(b). Federal courts do not have statutory jurisdiction over domestic relations issues such as divorce, child support and child custody because of sound policy considerations as state courts are more eminently suited to work of this type than are federal courts. Mnyofu v. Bd. of Educ. of Sch. Dist. 227, 2004 WL 783074, at *1 (N.D. Ill. 2004), citing Ankenbrandt v. Richards, 504 U.S. 689, 703-04 (1992).

Contrary to Petitioner's arguments, 28 U.S.C. § 1443(1) does not provide a basis for removal of this case. See Weatherall, 83 F. Supp. 2d at 1004. While Petitioner complains bitterly regarding orders which have been entered by the state court, "[t]here are no allegations to suggest that if in fact [his] rights have been violated, an appeal to the state appellate courts would be ineffective to vindicate those rights." See Weatherall, 83 F. Supp. 2d at 1005. Therefore, Petitioner has not established that he is entitled to removal pursuant to § 1443(1). See Weatherall, 83 F. Supp. 2d at 1005, citing City of Greenwood v. Peacock, 384 U.S. 808, 828 (1966); see also Mnyofu, 2004 WL 783074, at *2.

This court additionally notes that Petitioner has not shown how any notice of removal could possibly be timely since the state court proceedings commenced in April 1998. Petitioner has attached a Rule to Show Cause which was issued by the circuit court of Vermilion County on November 19, 2010, however, he has not provided any basis for concluding that his petition seeking removal was filed 30 days after "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." See 28 U.S.C. § 1446(b); see also Mnyofu, 2004 WL 783074, at *1.

Most importantly, however, this court concludes that there is no possible basis for subject

2

matter jurisdiction over this divorce case. The United States District Courts are courts of limited jurisdiction and this court may only reach the merits of lawsuits that are properly before it. Glagola v. Glagola, 2003 WL 21878730, at *6 (N.D. Ill. 2003). There is simply no jurisdictional basis for removing this divorce proceeding. See Glagola, 2003 WL 21878730, at *5. Therefore, removal is not proper and this case must be dismissed for lack of subject matter jurisdiction. See Glagola, 2003 WL 21878730, at *6.

IT IS THEREFORE ORDERED THAT:

(1) Petitioner's Notice of Petition; and, Verified Petition for Warrant of Removal (#1) is dismissed for lack of subject matter jurisdiction.

(2) Petitioner's Motion for Leave to Proceed in forma pauperis (#2) is MOOT.

(3) This case is terminated.

ENTERED this 7th day of January, 2011

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE